UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN HOPKINS | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: 3:17-CV-00629 (MPS) |
| v. | : |
| | : |
| METRO-NORTH COMMUTER | : |
| RAILROAD | : |
| | : |
| Defendant. | : |

**REPORT OF PARTIES CONFERENCE PURSUANT TO FRCP 26(F)**

Pursuant to FRCP 26(f) the parties conferred regarding a discovery plan and hereby submit this report of said conference:

    The Participants were:    William Clendenen, Jr., Esq.
                                        Kevin Shea, Esq.
                                        Steven Kantor, Esq.
                                        for Plaintiff, Brian Hopkins

                                        Robert Hickey, Esq.
                                        Beck Fineman, Esq.,
                                        for Defendant, Metro-North Railroad

1.    CERTIFICATION:

      Undersigned counsel certifies that after consultation with their client they have discussed the present nature and basis of the parties claims and defenses and any present possibilities for achieving settlement or other resolution in this case and in consultation with their clients have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

2.    JURISDICTION:

          A.    SUBJECT MATTER JURISDICTION: This Court has jurisdiction pursuant to 28 USC Section 1331 as the Plaintiff has brought this suit under the Federal Employers Liability Act 45 USC Section 51, et seq.
          B.    PERSONAL JURISDICTION: Personal jurisdiction is not contested.

3. BRIEF DESCRIPTION OF THE CASE:

   A. CLAIMS OF THE PLAINTIFF, BRIAN HOPKINS: The Plaintiff claims that, on or about April 25, 2015, he sustained serious and permanent injuries as a result of the Defendant, its employees and agents' failure to provide him with safe place to work. As a result of the Defendant's negligence the Plaintiff suffered permanent injuries when he was electrocuted.
   B. CLAIMS OF THE DEFENDANT METRO-NORTH RAILROAD: The Defendant denies that it was negligent in any way. The Defendant claims that the Plaintiff's injuries were due solely to his own negligence. The Defendant further asserts that it is entitled to a set-off for any amounts paid to or on behalf of the Plaintiff in connection with his injuries. Lastly, the Defendant claims that the Plaintiff has failed to mitigate his damages.

4. STATEMENT OF UNDISPUTED FACTS:

   Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. None have been identified.

5. CASE MANAGEMENT PLAN:

   A. Standing Order on Scheduling and Civil Cases: the parties do request a modification of the operative deadlines as follows:

   Close of Fact Discovery            April 27, 2018

   Close of Expert Discovery          August 31, 2018

   Dispositive Motions                September 28, 2018
   B. Scheduling conference with the Court: The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to FRCP 16(b)
   C. Early Settlement Conference:
         1. The parties certify that they have considered the desirability of attempting to settle the

case before undertaking significant discovery or motion practice.
2. The parties do not request an early settlement conference
3. The parties do request a settlement conference with Magistrate Judge Garfinkel after the initial round of depositions.
4. The parties do not request a referral for alternate dispute resolution pursuant to D.Conn.L.Civ.R.16

D. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:
1. The parties shall have until October 27, 2017 to join additional parties.

E. DISCOVERY: The parties anticipate that discovery has been and/or will be needed on the following subjects:

1. All of the Plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties and damages. All fact discovery excluding depositions of expert witnesses pursuant to FRCP 26 will be commenced immediately and completed by April 27, 2018.
2. Discovery will be conducted in phases.
3. Fact discovery will be completed by April 27, 2018.
4. The parties anticipate that the Plaintiff will need a total of 15 depositions of fact witnesses and the Defendant will require a total of 10 depositions of fact witnesses. The depositions of fact witnesses will commence immediately and be completed by April 27, 2018.
5. The parties must request permission of the Court to serve more than thirty-five interrogatories. The parties must request permission of the Court to serve more than fifty request for production of documents. The parties reserve the right to object to such request.
6. Plaintiff intends to call experts to trial. Plaintiff will designate all trial experts and will provide opposing counsel with reports from retained experts by May 25, 2018.

7. Defendant intends to call experts at trial. The Defendant will designate all trial experts and will provide opposing counsel with reports from retained experts by July 20, 2018.

8. All expert discovery will be completed by August 31, 2018;

9. A damages analysis will be provided by any party who has a claim or a counterclaim for damages by May 25, 2018.

The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties shall attempt to produce electronically stored information, if any, in hard copy.  Should a party determine that it would be too burdensome to produce documents in hard copy, the parties will confer regarding a mutually agreeable method of production.  The parties will bear their own costs for production.  The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint, through conclusion of this litigation.  Both sides agree to instruct the parties to preserve these records.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection including procedures for asserting privilege claims after production.

The parties agree to the following procedures for asserting claims of privilege after production:

If electronically stored information is produced in discovery and is subject to a claim of privilege or

4

of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing parties' claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim and the disclosing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

F. DISPOSITIVE MOTIONS: Any dispositive motion must be filed by September 28, 2018.

G. JOINT TRIAL MEMORANDUM: The Joint Trial Memorandum required by a standing order on trial memoranda in civil cases will be filed by October 5, 2018, or thirty days after this court rules on any dispositive motions filed whichever is later.

6. TRIAL READINESS:

The case will be ready for trial by November 5, 2018 or thirty days after the Joint Memorandum is filed, whichever is later.

As officers of the Court the undersigned counsel agree to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

Dated:    June 6, 2017

/s/
_____
WILLIAM CLENDENEN ESQ. (CT04261)
KEVIN SHEA, ESQ. (CT13781)
Attorneys for Plaintiff
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
Phone: 203-787-1183
Facsimile: 2037872847


/s/ Steven L. Kantor
_____
STEVEN KANTOR, ESQ. (CT26837)
The Kantor Law Firm
Attorney for Plaintiff
5800 Main Street
Williamsville, New York 14221
Phone: 716-626-0404
Facsimile: 716-626-0412


/s/ Beck Fineman
_____
ROBERT HICKEY, ESQ. (CT19555)
BECK FINEMAN, ESQ. (CT27648)
Ryan Ryan Deluca, LLP
Attorney for Defendant
1000 Lafayette Blvd, Suite 800
Bridgeport, CT 06604
Phone: 203-549-6650
Facsimile: 203-549-6655