UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRIAN HOPKINS** | **CIVIL ACTION NO.:  3:17 CV 00629 (MPS)** |
| **Plaintiff,** | |
| v. | |
| **METRO-NORTH COMMUTER RAILROAD COMPANY** | JUNE 19, 2017 |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT METRO-NORTH COMMUTER RAILROAD COMPANY'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)6), the defendant, Metro-North Commuter Railroad Company ("Metro-North"), hereby respectfully moves to dismiss Count Two of plaintiff's, Brian Hopkins, Complaint.  The basis for this motion is that the plaintiff appears to allege negligence per se pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., but fails to specify which federal railroad safety statutes or regulations that Metro-North allegedly violated in connection with the subject accident. Accordingly, plaintiff has failed to sufficiently plead a claim for which relief can be granted, and therefore dismissal of Count Two is warranted.

**I.   FACTUAL BACKGROUND**

The plaintiff filed a two-count complaint on April 17, 2017, arising out of injuries he claims to have sustained while working as an Engineer with Metro-North on April 25, 2015. Plaintiff appears to allege claims for negligence (Count One) and negligence per se (Count Two), pursuant to the FELA. In Count Two of his Complaint, plaintiff alleges that "[d]efendant's violations of federal railroad safety statutes, regulations promulgated thereunder, and defendant's safety programs, standards and policies, established pursuant to statute and regulation,

1

contributed in fact to plaintiff Brian Hopkins' injury," and "therefore constitute negligence under FELA, 45 USC § 51, et seq." See Plaintiff's Complaint at ¶¶ 22-23. A negligence per se claim in an FELA case aims to deprive the railroad of its affirmative defense of contributory negligence. See 45 U.S.C. § 53.

Here, however, the plaintiff fails to identify the specific "federal railroad safety statutes and/or regulations" that he claims Metro-North violated and which resulted in his alleged injuries. At most, plaintiff alleges that Metro-North's "actions and failures to act to prevent the risk and occurrence of electrocution injury are prohibited by federal railroad safety statutes. . ." See Plaintiff's Complaint at ¶ 21. These conclusory allegations are insufficient to put Metro-North on notice of which of the federal railroad safety regulations and statutes, if any, it allegedly violated and which "contributed in fact" to plaintiff's injuries.

Accordingly, Metro-North now moves to dismiss Count Two of plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## II. LAW & ARGUMENT

### A. Motion to Dismiss Standard

The United States Supreme Court has made clear that at least some factual support is required to state a plausible cause of action at the pleadings stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief") (citations omitted; internal quotation marks omitted). See also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

This standard applies with equal force to FELA claims. See, e.g., McCrain v. Metro. Transp. Auth., No. 15-CV-8818 (VSB), 2016 U.S. Dist. LEXIS 147907 (S.D.N.Y. Sep. 27, 2016); Koehler v. Metro. Transp. Auth., No. 16-CV-0003 (ADS) (AYS), 2016 U.S. Dist. LEXIS 142567 (E.D.N.Y. Oct. 14, 2016); Ojeda v. Metro. Transp. Auth., No. 16-CV-3 (VB), 2016 U.S. Dist. LEXIS 147116 (S.D.N.Y. Oct. 24, 2016); Parise v. Union Pac. R.R., No. 2:14-CV-0022 (KJN), 2014 U.S. Dist. LEXIS 66464 (E.D. Cal. May 14, 2014); Cisco v. Norfolk Southern Ry. Co., No. 2:12-739, 2012 U.S. Dist. LEXIS 96006 (S.D. W. Va. Jul. 11, 2012); Stevens v. Norfolk S. Ry. Co., No. 2:12-740, 2012 U.S. Dist. LEXIS 96003 (S.D. W. Va. Jul. 11, 2012); Morgan v. BNSF Ry. Co., No. 4:09-CV-3254, 2010 U.S. Dist. LEXIS 46871 (D. Neb. Apr. 9, 2010).

### B. Plaintiff Fails to Identify Specific Federal Statutes or Regulations that Metro-North Allegedly Violated

Plaintiff alleges that Metro-North owed him "a duty of care to prevent the risk and occurrence of electrocution injuries consistent with statutory and regulatory requirements," and its failure to prevent such risk and occurrence is "prohibited by federal railroad safety statutes, the regulations promulgated thereunder, and defendant's safety programs, standards and policies . . ." See Plaintiff's Complaint at ¶¶ 20-21. Plaintiff appears to state a claim of negligence per se, based on Metro-North's violation of federal regulations or statutes concerning the risk and occurrence of electrocution injuries, but he fails to identify the specific statutes or regulations.

Although plaintiff invokes the FELA in his two-count Complaint, it is necessary to look to the common law to determine whether he has sufficiently pled a claim of negligence per se: "[i]t has long been established that FELA is governed by the common law principles as established and applied in the federal courts. Thus, a FELA claim is governed in its entirety by acts of Congress or by federal decisional law – in other words, by the provisions of the federal

3

statutes so far as applicable, fitted into the common law background . . . Among the doctrines borrowed from the common law background is the doctrine of negligence per se." See Morant v. Long Island R.R., 66 F.3d 518, 522 (2d Cir. 1995) (internal quotation marks and citations omitted).

In Connecticut, "[t]here are two necessary elements to a claim of negligence per se. First, the plaintiff must be in the class of persons for whose benefit the statute was enacted. . . Second, the plaintiff must prove that the violation of the statute, that is, the breach of duty imposed by the statute, was a proximate cause of the injury. . . Where plaintiff fails to identify the statute upon which the claim is based, it is impossible to determine if the plaintiff was in a class sought to be protected by the statute or whether the injury suffered by the plaintiff was the type of injury the statute was designed to prevent. It is also impossible to assess whether the defendant breached a duty imposed by statute." See Anchundia v. Northeast Utils. Serv. Co., CV 07-4446 (AKT), 2010 U.S. Dist. LEXIS 57890, at *13-14 (E.D.N.Y. Jun. 11, 2010) (internal quotation marks and citations omitted) (applying Connecticut law).

Failure to identify the specific statute or regulation allegedly violated is grounds for dismissal of a negligence per se claim. See, e.g., Bishop v. Best Buy Co., 08 Civ. 8427 (LBS), 2011 U.S. Dist. LEXIS 102179, at *30 (S.D.N.Y. Sep. 8, 2011) (dismissing plaintiff's negligence per se claim because the plaintiff failed to cite any statute imposing a specific duty to protect the plaintiff that the defendants breached.); see also In re September 11 Prop. Damage & Bus. Loss. Litig., Inc. v. Port. Auth., 468 F. Supp. 2d 508, 522-23 (S.D.N.Y. Jan. 12, 2006) (dismissing negligence per se claim because plaintiffs failed to allege any violations of specific statutes, and conclusory allegations that defendant failed to abide by state and city fire codes without distinguishing particular statute was insufficient to invoke negligence per se doctrine).

Here, plaintiff baldly alleges that Metro-North's violations of federal railroad safety statutes and regulations, apparently concerning the risk and occurrence of electrocution injury, "constitute negligence under FELA." See Plaintiff's Complaint at ¶ 23. Although "[i]t is well-settled that the FELA requires a finding of negligence per se when there has been a violation of a safety statute specifically aimed at the railroad industry," see Morant, supra, at 523, the plaintiff must identify the particular safety statute, and it must "contribute in fact to the death or injury in suit." See Kernan v. American Dredging Co., 355 U.S. 426, 433 (1958). Plaintiff does allege that Metro-North's violations of federal statutes and regulations contributed in fact to his injuries, but there is no way of determining from the allegations in the Complaint which statutes and regulations he relies on. Accordingly, Count Two must be dismissed because such conclusory, bare-boned allegations are insufficient to state a claim upon which relief can be granted. See Ashcroft, supra, at 678-79; see also Twombly, supra, at 554-55.

### III.   CONCLUSION

For all of the foregoing reasons, defendant Metro-North Commuter Railroad Company respectfully submits that Count Two of the plaintiff's Complaint should be dismissed.

        DEFENDANT,
        METRO-NORTH COMMUTER
        RAILROAD COMPANY


By:_____/s/_____
    Beck S. Fineman, Esq. (ct27648)
    Ryan Ryan Deluca LLP
    1000 Lafayette Boulevard, Suite 800
    Bridgeport, CT 06604
    Phone:  203-549-6650

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 19, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                _____/s/_____
                Beck S. Fineman, Esq.