UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN HOPKINS | : | 3:17-CV-00629-MPS |
| PLAINTIFF | : | |
| V. | : | |
| METRO-NORTH COMMUTER RAILROAD COMPANY | : | |
| DEFENDANT | : | JULY 10, 2017 |

## AMENDED COMPLAINT

### NATURE OF ACTION

1.  The plaintiff, Brian Hopkins, brings this action for negligence under the Federal Employers Liability Act ("FELA") 45 USC § 51 et seq. against the Defendant, Metro-North Commuter Railroad Company ("Metro-North") for injuries suffered by the plaintiff, Brian Hopkins, while in the employment of the defendant, Metro-North.

### JURISDICTION

2.  This Court has subject matter jurisdiction in this case pursuant to the FELA 45 USC § 51 and 28 USC 1331.

3.  Venue properly lies in this Court pursuant to 45 USC § 56.

## PARTIES

4. At all times hereinafter mentioned, the plaintiff, Brian Hopkins, was and is a resident of Bridgeport, Connecticut, County of Fairfield and State of Connecticut.

5. At all times hereinafter mentioned, the defendant, Metro-North, was and still is a public benefit corporation duly organized, created and existing under the laws of the State of New York, authorized to do business in the State of Connecticut, and a common carrier in interstate transportation and commerce by railroad.

## FACTS

6. This action is being brought against the defendant, Metro-North, pursuant to the provisions of the FELA, Title 45 USC § 51, et seq.

7. The defendant, Metro-North, has tracks, operates trains, and does business within the State of Connecticut and maintains a place of business within the State of Connecticut, located at 50 Union Avenue, 4th Floor West, New Haven, Connecticut 06519.

8. At the time the plaintiff, Brian Hopkins, received the injuries complained of, the plaintiff, Brian Hopkins, was an employee of the defendant,

Metro-North, as that term is defined under the FELA § 45 USC § 51, et seq. and as such, was a Locomotive Engineer for the defendant and was engaged by the defendant to perform duties in furtherance of its business interests and movement of freight in interstate and foreign commerce by the defendant, Metro-North.

## **COUNT ONE**

9.  The plaintiff incorporates by reference and realleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint with the same force and effect as if set forth under this cause of action.

10. On or about April 25, 2015, the plaintiff, Brian Hopkins, was working with Kawasaki M8S Service cars for Metro-North Railroad when he sustained serious and permanent injuries as a result of the defendant, Metro-North, its agents, servants and/or employee's negligence.

11. Specifically, on or about April 25, 2015, the plaintiff, Brian Hopkins, was injured when suddenly and without warning to him, he received an electrocution and electrical arch flash while working, due to the negligence of the defendant, Metro-North, its agents, servants and/or employees, causing serious injuries and damages.

12. Said electrocution and ensuing injuries and damages incurred by the plaintiff, Brian Hopkins, were caused by the negligence of the defendant, Metro-North, its agents, servants and/or employees, including, but not limited to, one or more of the following ways:

a. failure of the defendant to use reasonable care to provide the plaintiff, Brian Hopkins, with a safe place to work pursuant to the FELA, 45 USC § 51, et seq., the federal and state rules and regulations promulgated thereunder, and defendant's safety programs, standards and policies, established pursuant to statute and regulation;

b. failure of the defendant to properly warn the plaintiff, Brian Hopkins, of the possible and potential hazards to his health;

c. failure of the defendant to properly train and supervise its employees, including the plaintiff, Brian Hopkins;

d. failure of the defendant to provide safe work methods;

e. failure of the defendant to properly inspect, maintain and/or operate its equipment and/or property in a safe and proper manner;

f. failure of the defendant to properly operate the job;

      g.    failure of the defendant to provide safe operations and/or adequate maintenance of its infrastructure and/or processes due to an overemphasis of on-time performance and/or other business or profit motives at the expense of employee and/or public safety;

      h.    failure of the defendant to provide sufficient time for maintenance and/or inspection of equipment;

      i.    failure of the defendant to provide the plaintiff with safe and proper tools, appliances, equipment, premises and/or procedures to carry on the plaintiff's work; and

      j.    the generally reckless, careless and otherwise improper manner in which the defendant and its agents, servants and/or employees carried on its business.

      13.    As a result of said electrocution and said acts and/or omissions of defendant, plaintiff Brian Hopkins has suffered serious, painful and permanent injuries, including, but not limited to, the following:

      a.    Full thickness electrocution burns covering over forty percent of his body, including his abdomen, genitalia, and lower extremities;

      b.    Partial thickness electrocution burns covering his left forearm and palm;

      c.    Cardiac arrest requiring emergency resuscitation;

      d.    Polymicrobial secondary infections to his left ankle and lower leg, exposing bone and tendon;

      e.    Sexual dysfunction requiring full reconstructive surgery;

      f.    Persistent dehydration and gastrointestinal distress;

      g.    Progressive cognitive impairment;

      h.    Recurrent headaches;

      i.    Insomnia and disordered sleeping; and

      j.    Permanent disfigurement.

      14.    As a further result of said electrocution and said negligence of the defendant, the plaintiff, Brian Hopkins, has suffered a severe shock to his nervous system, and has experienced severe pain and suffering, great mental anxiety, mental distress and permanent injuries, including, but not limited to:

      a.    Post-traumatic stress disorder;

      b.    Recurrent anxiety attacks; and

      c.    Clinical depression.

15. As a further result of said electrocution and said acts and/or omissions of defendant, plaintiff Brian Hopkins has been forced to spend sums of money for medical care and treatment and will be obliged to pay further sums in the future.

16. As a further result of said electrocution and said acts and/or omissions of defendant, plaintiff Brian Hopkins has been unable to fully enjoy and participate in the pleasures of life, the lives of his wife and four children, daily activities, and recreational activities. In addition, Brian Hopkins will have to limit his lifestyle and activities in the future as a result of said injuries.

17. As a further result of said electrocution and said acts and/or omissions of defendant, plaintiff Brian Hopkins has suffered a loss of earnings and/or a loss of earning capacity.

18. The plaintiff, Brian Hopkins, hereby demands a trial by jury.

## COUNT TWO

19. The plaintiff incorporates by reference and realleges each and every allegation set forth in paragraph 1 through 12 of this Complaint with the same force and effect as if set forth under this cause of action.

20.     Defendant owed plaintiff Brian Hopkins, its employee, a duty of care to prevent the risk and occurrence of electrocution injuries consistent with statutory and regulatory requirements.

21.     Defendant's actions and failures to act to prevent the risk and occurrence of electrocution injury are prohibited by federal railroad safety statutes, including but not limited to FELA, 45 USC § 51, et seq.; the regulations promulgated thereunder, including but not limited to the Railroad Workplace Safety regulations, 49 CFR § 214.1, et seq. and the Railroad Locomotive Safety regulations, 49 CFR § 229.1, et seq.; safety standards including but not limited to the National Electric Code and National Fire Protection Association's Electrical Safety Requirements for Employee Workplaces, NFPA 70E; and defendant's safety programs, standards and policies, established pursuant to statute and regulation.

22.     Defendant's violations of federal railroad safety statutes, regulations promulgated thereunder, safety standards, and defendant's safety programs, standards and policies, established pursuant to statute and regulation as set forth above contributed in fact to plaintiff Brian Hopkins' injury.

23.  Defendant's violations of federal railroad safety statutes, regulations promulgated thereunder, safety standards, and defendant's safety programs, standards and policies, established pursuant to statute and regulation as set forth above therefore constitute negligence under FELA, 45 USC § 51, et seq.

24.  As a result of the foregoing, plaintiff Brian Hopkins has suffered the losses described in paragraphs 13 through 17 of the First Count, which are hereby incorporated by reference to this Second Count, the same as if fully pleaded herein.

25.  The plaintiff, Brian Hopkins, hereby demands a trial by jury.

WHEREFORE, the plaintiff, Brian Hopkins, in his cause of action, demands a money judgment against the defendant, Metro-North Commuter Railroad for whatever amount said plaintiff is found to be entitled to, together with the costs and disbursements of this action.

THE PLAINTIFF

By: _____
KEVIN C. SHEA (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, Connecticut   06511
203/787-1183 (tel)
203/787-2847 (fax)

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on this 10th day of July 2017.

_____
CLENDENEN & SHEA, LLC