UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN HOPKINS | : | 3:17-CV-00629-MPS |
| PLAINTIFF | : | |
| V. | : | |
| METRO-NORTH COMMUTER RAILROAD COMPANY | : | |
| DEFENDANT | : | |
| and | : | |
| METRO-NORTH COMMUTER RAILROAD COMPANY | : | |
| THIRD PARTY PLAINTIFF | : | |
| V. | : | |
| KAWASAKI RAIL CAR, INC. | : | |
| THIRD PARTY DEFENDANT | : | OCTOBER 18, 2017 |

**REPORT OF PARTIES CONFERENCE PURSUANT TO FRCP 26(F)**

Pursuant to FRCP 26(f) the parties conferred regarding a discovery plan and hereby submit this report of said conference:

The Participants were:   William Clendenen, Jr., Esq.
Kevin Shea, Esq.
Steven Kantor, Esq.

for Plaintiffs, Brian Hopkins, Jonell Hopkins, Individually, Jonell, Hopkins ppa Joseph Hopkins, Jonell Hopkins ppa Luke Hopkins, Jonell Hopkins ppa Eve Hopkins, and Jake Hopkins

Robert Hickey, Esq.
Beck Fineman, Esq.,
for Defendant, Third Party Plaintiff, Third Party Defendant Metro-North Commuter Railroad Company

Mark Claflin, Esq.
for Defendants, Third Party Plaintiffs, Third Party Defendants Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., U.S.A.

Mark A. Riley, Esq.
Matthew G. Conway, Esq.
for Third Party Defendants, TransTech of S.C., Inc.

1. CERTIFICATION:

Undersigned counsel certifies that after consultation with their client they have discussed the present nature and basis of the parties claims and defenses and any present possibilities for achieving settlement or other resolution in this case and in consultation with their clients have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

2. JURISDICTION:

A.   SUBJECT MATTER JURISDICTION: This Court has jurisdiction pursuant to 28 USC Section 1332 as the

        parties are citizens of different states and the amount in controversy exceeds $75,000.

B.      PERSONAL JURISDICTION: Personal jurisdiction is not contested.

3. BRIEF DESCRIPTION OF THE CASE:

A.      CLAIMS OF THE PLAINTIFFS, BRIAN HOPKINS, JONELL HOPKINS, INDIVIDUALLY, JONELL HOPKINS PPA JOSEPH HOKINS, JONELL HOPKINS PPA LUKE HOPKINS, JONELL HOPKINS PPA EVE HOPKINS, JAKE HOPKINS: The Plaintiffs claim that, on or about April 25, 2015, plaintiff Brian Hopkins sustained serious and permanent injuries as a result of the failure of defendant Metro-North Commuter Railroad Company, its employees and agents to provide him with safe place to work. As a result of the defendant Metro-North Commuter Railroad Company's negligence the Plaintiff suffered permanent injuries when he was electrocuted.

        The Plaintiffs further claim that, on or about April 25, 2015, plaintiff Brian Hopkins sustained serious and permanent injuries as a result of the defendants Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., U.S.A. their employees and agents' negligent and defective design, manufacture, warnings and sale of an M8S pantograph, and as a result of defendant Kawasaki Rail Car, Inc.'s failure to maintain the premises on which plaintiff Brian Hopkins worked and its failure to exercise due care with respect to the premises as an operation.

        Plaintiffs Jonell Hopkins, Jonell Hopkins ppa Joseph Hopkins, Jonell Hopkins ppa Luke Hopkins, Jonell

    Hopkins ppa Eve Hopkins and Jake Hopkins claim that, as a result of the Defendants' actions, they have lost the consortium of plaintiff Brian Hopkins.

B.  CLAIMS OF DEFENDANT, THIRD PARTY PLAINTIFF, THIRD PARTY DEFENDANT METRO-NORTH RAILROAD: Defendant Metro-North Commuter Railroad Company denies that it was negligent in any way. The Defendant claims that the Plaintiff's injuries were due solely to his own negligence. The Defendant further asserts that it is entitled to a set-off for any amounts paid to or on behalf of the Plaintiff in connection with his injuries. Lastly, the Defendant claims that the Plaintiff has failed to mitigate his damages.

    Metro-North Commuter Railroad Company further denies that it is liable in apportionment or contribution and further denies that it is obligated to indemnify either of defendants Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., USA. Metro-North further asserts that defendant Kawasaki Rail Car, Inc. is contractually obligated to indemnify Metro-North Commuter Railroad Company in this action.

C.  CLAIMS OF DEFENDANTS, THIRD PARTY PLAINTIFFS, THIRD PARTY DEFENDANTS KAWASAKI RAIL CAR, INC. AND KAWASAKI MOTORS MANUFACTURING CORP., USA: Defendants Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., USA deny plaintiffs' claims of negligence, control over the premises in question and product defect. Defendants Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., USA deny they designed or manufactured the pantograph in question. Defendants Kawasaki Rail Car, Inc. and Kawasaki Motors

        Manufacturing Corp., USA have asserted third-party claims against two third-party defendants.

D.    CLAIMS OF THIRD PARTY DEFENDANTS TRANSTECH OF S.C., INC.: TransTech of S.C., Inc. denies that it is liable in apportionment or contribution and further denies that it is obligated to indemnify any of the defendants to this action. TransTech of S.C., Inc. further deny that they were negligent and/or in exclusive control over the subject product. TransTech of S.C., Inc. also denies that the subject product was defective and/or that the product design, manufacturing or other condition related to the product was defective in any way.

4. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. None have been identified.

5. CASE MANAGEMENT PLAN:

A.    Standing Order on Scheduling and Civil Cases: the parties do request a modification of the operative deadlines as follows:

| | |
|---|---|
| Close of Fact Discovery | June 22, 2018 |
| Close of Expert Discovery | November 30, 2018 |
| Dispositive Motions | December 14, 2018 |

B.    Scheduling conference with the Court: The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to FRCP 16(b).

C.      Early Settlement Conference:

     1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

     2.      The parties do not request an early settlement conference.

     3.      The parties do request a settlement conference with Magistrate Judge Garfinkel after the initial round of depositions.

     4.      The parties do not request a referral for alternate dispute resolution pursuant to D.Conn.L.Civ.R.16.

D.      JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:

     1.      The parties shall have until November 27, 2017 to join additional parties.

E.      DISCOVERY: The parties anticipate that discovery has been and/or will be needed on the following subjects:

     1.      All of the Plaintiffs claims, all of the affirmative allegations of the defense, prior history of the parties and damages. All fact discovery excluding depositions of expert witnesses pursuant to FRCP 26 will be commenced immediately and completed by June 22, 2018.

2. Discovery will be conducted in phases.

3. Fact discovery will be completed by June 22, 2018.

4. The parties anticipate that the Plaintiff will need a total of 15 depositions of fact witnesses and the Defendants, Third Party Defendants and Third Party Plaintiffs will require a total of 25 depositions of fact witnesses. The depositions of fact witnesses will commence immediately and be completed by June 22, 2018.

5. The parties must request permission of the Court to serve more than thirty-five interrogatories. The parties must request permission of the Court to serve more than fifty requests for production of documents. The parties reserve the right to object to such request.

6. Plaintiff intends to call experts to trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 22, 2018.

7. Defendants/Third Party Defendants intend to call experts at trial. The Defendants/Third Party Defendants will designate all trial experts and will provide opposing counsel with reports from retained experts by September 21, 2018.

8.  All expert discovery will be completed by November 30, 2018.

9.  A damages analysis will be provided by any party who has a claim or a counterclaim for damages by July 22, 2018.

10. The undersigned counsel have agreed to discuss the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

11. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties shall attempt to produce electronically stored information, if any, in hard copy. Should a party determine that it would be too burdensome to produce documents in hard copy, the parties will confer regarding a mutually agreeable method of production. The parties agree to allocate costs for discovery of electronically stored information consistent with Rule 26(b)(2)(B) and any other applicable rules. With respect to reasonably accessible information, the parties agree to the presumption that they will bear their own

       costs for production, but may invoke the court's discretion under Federal Rules of Civil Procedure 26(b)(2)(B) and/or 26(c)(1)(B) for an order specifying terms, including the time and place or the allocation of expenses for the disclosure or discovery. The parties agree to instruct the parties to preserve electronically stored records (as they may exist) retroactive to January 1, 2005 through conclusion of this litigation.

12.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection including procedures for asserting privilege claims after production.

       The parties agree to the following procedures for asserting claims of privilege after production:

       If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing parties' claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work

9

       product claim, it may present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim and the disclosing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

  F.  DISPOSITIVE MOTIONS: Any dispositive motion must be filed by December 14, 2018; and any party intending to file a dispositive motion shall notify the other parties of the same by December 3, 2018 so as to avoid unnecessary preparations for the Joint Trial Memorandum in the meantime

  G.  JOINT TRIAL MEMORANDUM: The Joint Trial Memorandum required by a standing order on trial memoranda in civil cases will be filed by December 21, 2018, or thirty days after this court rules on any dispositive motions filed, whichever is later.

 6. TRIAL READINESS:

 The case will be ready for trial by January 21, 2019 or thirty days after the Joint Memorandum is filed, whichever is later.

 As officers of the Court the undersigned counsel agree to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

Dated:       October 18, 2017

_____
WILLIAM CLENDENEN ESQ. (CT04261)
KEVIN SHEA, ESQ. (CT13781)
Attorneys for Plaintiffs
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
Telephone:  203-787-1183
Fax: 203-787-2847
whcj@clenlaw.com
kcs@clenlaw.com


/s/_____
STEVEN KANTOR, ESQ. (CT26837)
The Kantor Law Firm
Attorney for Plaintiffs
5800 Main Street
Williamsville, New York 14221
Telephone: (716) 626-0404
Fax: (716)-626-0412
kantorlaw@roadrunner.com

11

/s/ _____
ROBERT HICKEY, ESQ. (CT19555)
BECK FINEMAN, ESQ. (CT27648)
Ryan Ryan Deluca, LLP
Attorneys for Metro-North Commuter Railroad Company
707 Summer Street
Stamford, CT 06901
Bridgeport Office
1000 Lafayette Blvd, Suite 800
Bridgeport, CT 06604
Phone: 203.549.6650
Fax: 203.549.6655
rohickey@ryandelucalaw.com
bsfineman@ryandelucalaw.com


/s/ _____
MARK J. CLAFLIN (CT06218)
Howd & Ludorf, LLC
Attorney for Kawasaki Motors Manufacturing Corp. U.S.A. and Kawasaki Rail Car, Inc.
65 Wethersfield Avenue
Hartford, CT  06114-1121
860-249-1361
860-249-7665 (Fax)
mclaflin@hl-law.com

/s/_____
MATTHEW G. CONWAY (CT09612)
MARK A. RILEY (CT28439)
CHRISTOPHER P. WILLIAMS (CT28876)
Conway Stoughton LLC
Attorneys for Transtech of South Carolina, Inc.  a/k/a Trans Tech of S.C., Inc.
643 Prospect Avenue
West Hartford, CT 06105
p. 860.523.8000
f. 860.523.8002
mconway@conwaystoughton.com
mriley@conwaystoughton.com
cwilliams@conwaystoughton.com

CERTIFICATION:

    This is to certify that a copy of the foregoing has been sent to all required notification parties either via operation of the Court's electronic notification system or by first-class mail, postage pre-paid to anyone unable to accept such notification on this 10th day of October 2017.

_____
CLENDENEN & SHEA, LLC

13