# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRIAN HOPKINS** | **CIVIL ACTION NO.: 3:17 CV 00629 (MPS)** |
| **PLAINTIFF,** | |
| v. | |
| **METRO-NORTH COMMUTER RAILROAD** | **MAY 10, 2018** |
| **DEFENDANT,** | |
| **KAWASAKI RAIL CAR, INC. AND KAWASAKI MOTORS MANUFACTURING CORP., U.S.A.** | |
| **THIRD-PARTY DEFENDANT** | |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b)(4), the parties hereby jointly move for a modification of the Scheduling Order (Doc. No. 37), to extend the deadlines for completion of discovery. In support of this motion, the parties represent the following:

1. The current fact discovery deadline is June 22, 2018.

2. By way of brief background, the plaintiff in this case sustained severe injuries when he was exposed to an electrical arc flash while working on a Metro-North train car in an area of the New Haven Yard licensed to Kawasaki. Mr. Hopkins' injuries have resulted in more than 25 hospitalizations, including several this year. He has sued Metro-North under the Federal Employers Liability Act. Metro-North has brought a third-party complaint against Kawasaki. Mr.

Hopkins, his wife and four children have sued Kawasaki in a separate lawsuit under the Connecticut Products Liability Act, among other claims. Kawasaki has brought third-party complaints against Metro-North and against its subcontractor, Trans-Tech. All of the complaints and third-party complaints have been consolidated for purposes of discovery and may potentially be consolidated for trial.

3. Mr. Hopkins sustained severe electrocution injuries impacting numerous bodily functions. In addition to obvious physical injuries, he also claims to suffer from ongoing vision, cognition, neurological and sexual dysfunction. The case presents severe and permanent injury claims and the defendants assert that there may complex injury causation issues with respect to at least some of the injuries.

4. The parties have been working cooperatively and diligently to complete discovery, including exchanging approximately thirty thousand pages of documents to date, and scheduling and conducting numerous depositions.

5. It has become apparent to the parties that the discovery to be conducted in this case is more extensive than anticipated and will require additional time to complete. For instance, the parties had scheduled eight party depositions to take place over the course of four days, April 24, 2018, to April 27, 2018. Those depositions were to include the plaintiff, three Metro-North representatives, and four Kawasaki representatives. Despite spending four full days taking testimony, only three depositions were completed during that time, with a fourth one started and continued until a later date.

6. The plaintiff, through counsel, has indicated an intention to take approximately nine additional fact witness depositions. The defendants anticipate taking the deposition of Mrs. Hopkins, those of the four children who will testify at trial and approximately eight additional fact

depositions. Additionally, the plaintiff expects to disclose approximately ten expert witnesses, all of whom the defendants will need to depose. The defendants anticipate disclosing approximately eight liability and medical experts, as well, most, if not all, of whom the plaintiff will need to depose. It is anticipated that many expert depositions will require out-of-state travel.

7. This case is scheduled for a settlement conference before Magistrate Garfinkel on June 5, 2018. The parties have conferred with Magistrate Garfinkel, and the parties and the Court agree that this conference is likely to be productive. If the case does not resolve altogether, the parties and the court are confident that, at the very least, the issues upon which further discovery must be conducted will be narrowed, perhaps eliminating the need for some of the depositions discussed above.

8. Accordingly, the parties respectfully request a modification of the scheduling order as follows:

    a. Fact discovery will be completed by **October 22, 2018**;

    b. Plaintiff will designate trial experts and provide reports by **November 21, 2018**;

    c. Defendants and third-party defendants will designate trial experts and provide reports by **December 21, 2018**;

    d. All expert discovery will be completed by **February 22, 2019**;

    e. Dispositive motions will be submitted on or before **March 22, 2019**;

    f. The Joint Trial Memorandum is due **April 22, 2019**, or **30 days** from the Court's ruling on dispositive motions.

9. This is the parties' first request for a modification of the Scheduling Order.

|  |  |
|---|---|
| /s/<br>Beck S. Fineman, Esq. (ct27648)<br>Ryan Ryan Deluca LLP<br>707 Summer Street<br>Stamford, CT 06901<br>Juris No. 052525<br>Phone: 203-357-9200<br>*Attorney for Defendant, Metro-North Commuter Railroad* | /s/<br>Steve Kantor, Esq. (ct26837)<br>The Kantor Law Firm PLLC<br>5800 Main Street<br>Williamsville, NY 14221<br>Tel 877-752-6867<br>Fax 716-626-0412<br>*Attorney for Plaintiffs, Brian Hopkins, Jonell Hopkins and Jake Hopkins* |
| /s/<br>Kevin C. Shea, Esq. (ct13781)<br>Clendenen & Shea, LLC<br>400 Orange Street<br>New Haven, CT 06511<br>Tel 203.787.1183<br>Fax 203-787-2847<br>*Attorney for Plaintiffs, Brian Hopkins, Jonell Hopkins and Jake Hopkins* | /s/<br>Mark J. Claflin, Esq. (ct06218)<br>Howd & Ludorf, LLC<br>65 Wethersfield Avenue<br>Hartford, CT 06114-1190<br>Tel 860-249-1361<br>Fax 860-249-7665<br>*Attorney for Defendant, Kawasaki Rail Car, Inc. and Kawasaki Motors Manufacturing Corp., USA* |
| /s/<br>Mark A. Riley, Esq. (ct28439)<br>Conway Stoughton LLC<br>643 Prospect Avenue<br>West Hartford, CT 06105<br>Tel 860-523-8000<br>Fax 860-523-8002<br>*Attorney for Third-Party Defendant, TransTech of S.C., Inc.* |  |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                                                                                      /s/_____
                                                                    Beck S. Fineman, Esq.